Dear Mr. Lombard:
We are in receipt of your request for an Attorney General's opinion regarding the payment of the clerk's employees in Orleans Parish for election matters. Your letter states as follows:
 Effective with the March 14, 2000 Presidential Preference Primary Special Elections, the Commissioner of Elections, Mrs. Suzanne Haik Terrell has informed me that my staff will no longer be compensated for election functions that must be performed during office hours. These include, but are not limited to, the qualification of candidates (350), inspection and transcription of voting machines (in excess of 800), processing precinct absentee ballots and supplemental poll listings (ranging in number from 20 to 380 per election) and, on March 14th (Super Tuesday), resolving and answering election calls and problems. These duties require that staff members abandon their normal office obligations and dedicate themselves to handling election problems and fulfilling election responsibilities.
 As the Clerk of Criminal District Court for Orleans Parish, it is my legal obligation to conduct elections for the State of Louisiana. However, my office is totally funded by the City of New Orleans. Every other clerk in the State has access to their own salary fund, generated by a multitude of fees, that my office does not have. Employees, as well as vendors, are paid by City of New Orleans checks or purchase orders, with this office having absolutely no direct access to funds. While other Clerks of Court may partially or fully compensate employees for election work from their salary funds, my office is not able to do the same.
 The City of New Orleans has, in the past, authorized my personnel to take leave time from the City payroll in order to perform election duties, as the administration of elections is a State mandated function which the City is neither funded for or obligated to pay.
 The question is, is LA RS 18:1400.3, which prohibits the Commissioner of Elections from paying Clerk's office employees, in essence, an unfunded mandate? Secondly, can my employees be paid by the Commissioner of Elections, in light of that fact?
With regard to your first question on an unfunded mandate, the Louisiana Constitution prohibits an increase in the financial burden of a political subdivision in Art. VI, Sec. 16, and provides exceptions thereto. One such exception is if the law was enacted and effective prior to the adoption of this constitutional amendment in 1991. The relevant provision of the Election Code, R.S. 18:1400.3, was added by Louisiana Acts 1983, No. 681. Therefore, it falls within the exemption of LSA-Const. Art. VI, Sec. 14(B)(3), as it is a law enacted and effective prior to 1991.
We are of the opinion that the general duties of a clerk of court's office includes conducting elections for both statewide and local candidates and issues, as per the Constitution and the Louisiana Election Code. The Constitution provides for the clerk to have duties and powers provided by law, and the Election Code provides for the clerk to be the chief election officer of the parish. [Const. Art. V, 28 (1974), R.S.18:422]. In Orleans Parish, the Criminal District Court Clerk is the chief election officer, as defined in R.S. 18:2. Thus, we do not agree with your assertion that "[t]he administration of elections is a state mandated function". The administration of elections, in our opinion, is a shared function among the state and parishes. As the City of New Orleans is coterminous with the Parish of Orleans, hence, the City/Parish government of New Orleans shares election functions with the state.
With regard to your second question, R.S. 18:1400.3 of the Election Code, as enacted in 1983, provided:
 A. Election expenses incurred by clerks of court and registrars of voters for gubernatorial and congressional elections, shall be paid by the state from funds appropriated to the commissioner of elections for that purpose.
 B. Election expenses incurred by clerks of court and registrars of voters for any special election when any of the following candidates appear on the ballot shall be paid by the state from funds appropriated to the commissioner of elections for that purpose: . . .
 (1) Election expenses incurred by clerks of court and registrars of voters for any election not provided for in Subsections A and B of this Section shall be paid by the appropriate governing authority that relates to the character of office or issue involved in such election.
 * * *
 E. For the purposes of this Section, `election expenses incurred by clerks of court' is defined and limited to the following:
 * * *
 (3)(a) Documented expenses incurred by a clerk of court to perform or fulfill election duties imposed by law. For the purpose of this Paragraph, such expenses shall include the following:
 (i) Expenses for postage
 (ii) Expenses for rental space
 (iii) Expenses for personnel used in connection with an election or used to fulfill an election duty imposed by law.
 (b) The commissioner of elections shall establish rules and regulations governing reimbursement for expenses set forth herein and may establish rules and regulations to add other categories of reimbursable expenses. All reimbursements shall be deposited in the general fund of the clerk.
 (4) Expenses of an extraordinary nature incurred by a clerk of court for an election which have received prior approval of the commissioner of elections. (Emphasis added).
This law was amended by Louisiana Acts 1986, No. 783, to prorate the election expenses incurred by clerks of courts and registrars of voters between the state and all local and municipal entities participating in the election. Thus, not only are election functions shared between the state and parishes, but costs of elections are shared as well. R.S.18:1400.3 was next amended by Louisiana Acts 1986, No. 669, as follows:
 F. For the purposes of this Section, `election expenses incurred by clerks of court' is defined and limited to the following:
 * * *
 (3)(a) Documented expenses incurred by a clerk of court to perform or fulfill election duties imposed by law. For the purpose of this Paragraph, such expenses shall include the following:
 * * *
 (iv) Expenses for personnel used in connection with an election or used to fulfill an election duty imposed by law. Such expenses shall be itemized and reimbursement shall be authorized only for work not performed during regular office hours of the clerk of court.
 * * *
(Emphasis added).
The law, as written in 1983 and as it currently reads today, mandates that the Commissioner of Elections establish rules and regulations governing reimbursement. We are unaware of any rules and regulations under the Administrative Procedures Act with regard to this issue. We are in receipt of a copy of the internal policy manual of the office of the Commissioner of Elections, which has been used in the past by everyone [Commissioner Clerk] to make reimbursements for election expenses. The policy addresses employee overtime expenses on election day, in part, as follows:
 The Clerk of Court's office shall be reimbursed for employee's overtime expenses. The employee can only claim time worked before or after regular office hours or on election day. If an employee goes on leave, the employee may be reimbursed for overtime expenses during regular hours.
This internal policy seems to allow a clerk's employee to be reimbursed for overtime expenses during regular hours if the employee goes on leave. However, it is an internal policy of the office of the Commissioner, which the Commissioner may grant or deny, and it is in conflict with the law. R.S. 18:1400.3(E)(3)(a)(iii) clearly states that "[r]eimbursement shall be authorized only for work not performed duringregular office hours of the clerk of court." While it may be possible for the Commissioner's office to establish a rule defining regular office hours as not including an employee on leave, same could only be done in accordance with the Administrative Procedure Act, which is subject to legislative oversight and endorsement. Such a definition, in our opinion, would seem contrary to the black letter law.
We understand the different situation of your office as compared to the other clerks of court in this state; however, the law does not exempt your office, nor distinguish your office from the other clerks of court in this state for our opinion to differ herein.
In a March 28, 2000 letter to the Commissioner from you, it is stated that "[e]mployees of the clerk of Criminal Court who perform election duties during normal working hours are required to use accumulated annual leave when performing election duties. . . . This use of annual leave has been the policy of this office for the past years." Your letter further states, "I hasten to point out to you that because of the sheer volume of work and the time required to conduct an election in Orleans Parish, it is impossible to perform all election duties after normal working hours. Thus, my employees must either use annual leave or leave without pay in order to conduct elections." Your request letter for an opinion indicates that the City of New Orleans authorizes your employees to take leave time from the city payroll in order to perform election duties. Thus, we question whether your employee who is on annual leave [as required by the City] is in fact not working during "regular office hours". Nevertheless, the fact remains that if your employee is on annual leave, he is still being paid by the city and in the past, being paid by the Commissioner. Therefore, in essence, the employee was being paid double [by two public entities] for the same work, work which in our opinion is part of the duties of the clerk's office [and not a separate duty of the state].
Again, we emphasize that it is the Commissioner's duty and responsibility to establish rules and regulations in this area. In doing so, the Commissioner may, among other things, define "regular office hours" and perhaps create some uniformity in reimbursement of these election expenses. Otherwise, we can only interpret the black letter of the law, which in this case prohibits reimbursement of election expenses conducted during "regular office hours" of the clerk [for which your office is not exempt]. The only alternative that we believe is appropriate to resolve this matter is for the City of New Orleans to re-instate the leave time that was taken by the employees, since reimbursement for work during regular office hours is clearly prohibited by law.
If we can be of further assistance herein, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;cwr Cc: Hon. Suzanne Haik Terrell